**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION AS RECEIVER FOR THE | ) | |
| NATIONAL REPUBLIC BANK OF CHICAGO, | ) | |
| | ) | |
| Plaintiff | ) | No. 19-cv-6917 |
| v. | ) | |
| | ) | Judge Robert M. Dow |
| HILREN PATEL, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT HIREN PATEL'S MOTION TO DISMISS THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 8, Fed R. Civ. P. 9(b), and Fed. R. Civ. P. 12(b)(6) Defendant Hiren Patel respectfully moves to dismiss all counts of the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The grounds supporting this motion are set forth below and in the accompanying memorandum.

1. Count One, for breach of fiduciary duty, is based on averments of fraud, and so that claim is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). The FDIC has not alleged with particularity fraudulent conduct by Patel, and so Count One should be dismissed pursuant to Rule 9(b).

2. In addition, the allegations of Count One do not meet the plausibility requirements of Fed, R, Civ. P. 8 and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and so Count One should be dismissed pursuant to Rule 8 as well.

3. Count Two, for unjust enrichment, should be dismissed for the same reasons applicable to Count One. First, the unjust enrichment claim is predicated on the same allegations of fraudulent conduct upon which the breach of fiduciary duty claim rests. Rule 9(b) is thus

applicable and dictates dismissal.  Second, a claim of unjust enrichment arises when a defendant

unjustly retains a benefit to the plaintiff's detriment because of conduct that simultaneously gives

rise to a claim in tort, contract, or statute. Because the unjust enrichment claim in Count Two,

and the breach of fiduciary duty claim in Count One, arise from the same allegedly improper

conduct, they fall together.

4.   Count Three purports to be a claim for "money had and received" under Illinois law, but

the FDIC has not pleaded the elements of a such a claim.  A plaintiff must allege that (1) he was

compelled to pay money to the defendant, (2) the defendant had no legal right to demand the

money, and (3) payment was necessary in order to avoid an injury to his business, person or

property.  The FDIC does not plead that it, standing in the shoes of National Republic Bank, was

compelled to pay money to Patel or that payment was necessary to avoid injury to the Bank's

business or property.  To the extent that the FDIC seeks the imposition of a constructive trust,

that is not a separate cause of action under Illinois law.  Count Three should therefore be

dismissed pursuant to Rule 12(b)(6).

WHEREFORE, for the foregoing reasons, and as set forth in the accompanying

memorandum, which is incorporated here by reference, plaintiff's Complaint should be

dismissed.


December 20, 2019                              Respectfully submitted,

Nancy A. Temple                               s/  *Jeffrey R. Tone*_____
ntemple@kattentemple.com                        Jeffrey R. Tone
Jeffrey R. Tone                                 One of the Attorneys for
jtone@kattentemple.com                          Defendant Hiren Patel
Katten & Temple LLP
209 S. LaSalle St., Suite 950
Chicago, IL 60604
(312) 663-0800