IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INS. CORP. AS RECEIVER FOR THE NATIONAL REPUBLIC BANK OF CHICAGO, | Case No. 1:19-cv-6917 |
| Plaintiff, | |
| | Honorable Judge Robert M. Dow, Jr. |
| v. | |
| HIREN PATEL, | Magistrate Judge Maria Valdez |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiff Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for The National Republic Bank of Chicago ("NRB") opposes the motion to dismiss of Defendant Hiren Patel ("Patel").

The FDIC-R seeks to recover more than $15 million that Defendant Patel received and is not entitled to keep. The action has two alternative bases:

First, as an officer and director of NRB, Patel had a duty to disclose material information to NRB's Board of Directors ("Board"). Because of Patel's failure to disclose all material information, the Board approved dividends it would not have approved had it known all the facts. This failure to disclose gives rise to the FDIC-R's claim for breach of fiduciary duty and constitutes improper conduct for purposes of its unjust enrichment claim.

Second, the Board approved the dividends based on a mistake of fact relating to NRB's compliance with regulatory capital requirements. Because Patel received $15 million of the dividends as a result of the Board's mistake, he should be required to return that amount pursuant

to the FDIC-R's claims for money had and received and its claim for unjust enrichment based on mistake.

In his motion to dismiss, Patel seeks to muddy the straightforward breach of fiduciary duty and unjust enrichment claims by transmuting them into ones for fraud and then arguing that the FDIC-R did not plead them with particularity. Patel is wrong on both counts. The FDIC-R's claims do not sound in fraud, because Patel's intent to deceive the Board is not an element that must be pled or proven for the FDIC-R to prevail. And even though it did not have to, the FDIC-R did plead the claims with more than sufficient particularity.

Patel also argues that the FDIC-R's money had and received claim should be dismissed because NRB did not pay the dividends under compulsion. But Illinois law permits recovery of funds paid as the result of a mistake in addition to funds paid through duress. The FDIC-R's Complaint supports claims for both money had and received and unjust enrichment. The motion to dismiss should be denied.

**I. THE FDIC-R PROPERLY PLED A CLAIM FOR BREACH OF FIDUCIARY DUTY**

As Patel correctly recognizes, Mem. Of Def. Hiren Patel in Supp. of Mot. to Dismiss 6-7, ECF No. 14 ("Memo"), to survive a motion to dismiss, Fed. R. Civ. P. 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" or, if the complaint sounds in fraud, the complaint must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). The FDIC-R's breach of fiduciary duty claim does not sound in fraud, but, even if it did, the claim meets Rule 9(b)'s heightened pleading standard. Because the claim meets the requirements of Rule 9(b), it is axiomatic that it also satisfies Rule 8's requirements.

A. **The Breach of Fiduciary Duty Claim Satisfies Rule 8**

Patel contends that the FDIC-R's breach of fiduciary duty claim fails to meet the requirements of Rule 8, arguing that the FDIC-R failed to plead adequate details about the specifics of Patel's wrongdoing. Memo. 13-14. The face of the Complaint belies this assertion. The FDIC-R pled that Patel was a fiduciary, that he owed a duty to disclose facts relevant to corporate operations,[1] that he failed to disclose those facts, and that his failure resulted in $15.05 million in damages. Compl. ¶¶ 33-35. Further, the Complaint specifically details the facts that Patel knew and failed to disclose – *i.e.*, Patel knew material facts about the financial condition of borrowers and lack of repayment sources for certain loans that were not reflected on NRB's books and records. Compl. ¶¶ 9-15. The Complaint also sets forth why that failure resulted in $15.05 million in damages. Compl. ¶¶ 20-22 (Board would not have approved certain dividends if they had known the truth about the condition of the loans).

These allegations are sufficient to meet the elements of the breach of fiduciary duty claim and thus are sufficient to meet Rule 8's requirements. *FDIC as Receiver for Wheatland Bank v. Spangler*, 836 F. Supp. 2d 778, 785 (N.D. Ill. 2011) (Dow, J.) (breach of fiduciary duty claim must plead duty, breach, proximate cause, and damages). Patel fails to cite, because he cannot, any case requiring the FDIC-R to plead *why* he concealed the information from the Board. Nor was the FDIC-R required to plead detailed information about NRB's loans other than the facts Patel should have communicated at the time he asked for dividends. Patel cites no cases that

---

[1] Patel was a director and an officer of NRB. Compl. ¶ 8. In each of those capacities, he owed NRB a fiduciary duty of candor. *Kennedy v. Venrock Assoc.*, 348 F.3d 584, 593 (7th Cir. 2003) (discussing fiduciary duty of disclosure of corporate directors); *Van Dorn v. Peters*, No. 14-cv-3920, 2018 WL 620058, at *5 (N.D. Ill. Jan. 30, 2018) (discussing duty of candor of corporate officers); *see also* Restatement (Third) of Agency, § 8.11, cmt. (b) (Am. Law. Inst. 2006) ("An agent owes the principal a duty to provide information to the principal that the agent knows or has reason to know the principal would wish to have. . . . If the agent breaches the duty stated in this section, the agent is subject to liability to the principal for loss caused the principal by the agent's breach.").

require such a level of specificity in a non-fraud-based breach of fiduciary duty case. The FDIC-R's allegations provide Rule 8's "short and plain statement of the claim."

### B. Rule 9(b) Does Not Apply to the FDIC-R's Fiduciary Duty Claim; Even If It Did, the Allegations Meet the Rule 9(b) Standard

#### 1. Rule 9(b) Does Not Apply to the FDIC-R's Breach of Fiduciary Duty Claims

The FDIC-R's fiduciary duty claim against Patel is not based on, and does not sound in, fraud. As the Seventh Circuit has held in a breach of duty of disclosure case, "Plaintiffs don't **have** to charge fraud in a case such as this in order to state a claim." *Kennedy*, 348 F.3d at 593 (emphasis in original).[2] Here, the FDIC-R claims that Patel, a fiduciary, breached his duty to disclose material information to the other NRB directors who were charged with making key decisions, such as the decision to declare dividends. Therefore, the FDIC-R was not required to plead its claims with particularity.

That the Complaint at times uses "conceal" instead of "failed to disclose" does not transform the allegations into fraud claims. Merriam-Webster's legal definition of "conceal" includes to "fail to disclose . . . especially in violation of a duty to disclose."[3] In any event, a

---

[2] *See also Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 446 (S.D.N.Y. 2015) (breach of fiduciary duty claim against CEO for misrepresenting financial health of organization did not have to plead elements of fraud); *Petro-Diamond v. SCB & Assoc.*, No. SACV 12-1893-CJC(ANx), 2013 WL 12138723, at *4 (C.D. Cal. Apr. 11, 2013) (breach of fiduciary duty claim based on failure to disclose did not have to satisfy Rule 9(b)); *Aviation Advisers Int'l, Inc. v. TransAmerica Inv. Grp.*, No. 8:09-cv-588-T-23TGW, 2010 WL 2643523, at *1 (M.D. Fla. June 30, 2010) (breach of fiduciary duty claim satisfied Rule 8 by pleading facts defendant failed to disclose); *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* 446 F. Supp. 2d 163, 196 (S.D.N.Y. 2006) ("Where a plaintiff alleges a breach of fiduciary duty by conduct not amounting to fraud, such as breach of a duty of care, disclosure, or loyalty, the general pleading standards set out by Rule 8(a) of the Federal Rules of Civil Procedure, not the heightened standards of Rule 9(b), apply."); *accord Llano Financing Group, LLC v. Smith*, No. 15 C 7689, 2016 WL 4063174, at *8 (N.D. Ill. July 29, 2016) (Rule 9(b) does not apply to negligent misrepresentation claim); *Howell v. Motorola, Inc.*, 337 F. Supp. 2d 1079, 1089 (N.D. Ill. 2004) (claim that defendants "failed to disclose material information" is not subject to Rule 9(b)).

[3] *Conceal* (Legal Definition), Merriam-Webster.com, https://www.merriam-webster.com/dictionary/conceal (last visited Jan. 14, 2020).

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS – Page 4

complaint's use of "buzz words" that may be associated with fraud claims – such as "deliberate misrepresentation" or "misleading" – does not mean that the claims sound in fraud. *Levy*, 103 F. Supp. 3d at 446; *see also Wheeler v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 840 (N.D. Ill. 2015) ("Although [plaintiff] does mention deception . . . this singular mention does not require the imposition of a heightened pleading standard, as the claim exists independent of any allegations of fraud or deception contained in the complaint.").[4] The FDIC-R asserts that Patel breached his professional obligations as an officer and as a director of NRB, not that he carried out a fraudulent scheme against NRB.

Contrary to Patel's contention, *Sequel Capital, LLC v. Pearson*, No. 07-cv-2642, 2010 WL 3894209 (N.D. Ill. Sept. 30, 2010) (Dow, J.), does not support the conclusion that the claims here sound in fraud and thus are subject to the requirements of Rule 9(b). To the contrary, in *Sequel*, this Court **denied** the defendant's motion to dismiss plaintiff's fifth amended complaint alleging breach of fiduciary duty. *Id.* at *9 & n.5. Although this Court noted that claims would need to satisfy Rule 9(b) "to the extent" they sounded in fraud, it confirmed that fraud and scienter are not necessary elements of breach of fiduciary duty claims and that the key inquiry is whether the complaint asserts fiduciary duty claims that are not "premised upon a course of fraudulent conduct." *Id.* at *7. Here, the FDIC-R's allegations are not premised on a course of fraudulent conduct, but, as shown above in fn. 1 and page 3, on Patel's failure to disclose material information to the Board. *Kennedy*, 348 F.3d at 593; *Van Dorn*, 2018 WL 620058, at *5; *Levy*, 103 F. Supp. 3d at 446. Such claims do not trigger the requirements of Rule 9(b).

---

[4] As noted above, contrary to Patel's argument (Memo. at 12), the FDIC-R does not need to plead or prove that Patel deceived NRB's Board as part of a scheme to get dividends he could not otherwise have gotten to prevail on any of its claims. It is certainly possible that was Patel's plan. Patel asserted the Fifth Amendment in response to questions at an investigative deposition about the issuance of the dividends. Compl. ¶ 8. Formal discovery in this proceeding may produce additional information about Patel's motives or state of mind.

      *2.*  *The FDIC-R Nonetheless Satisfied the Requirements of Rule 9(b)*

  Even though the FDIC-R did not have to satisfy the requirements of Rule 9(b), the Complaint clearly satisfies any heightened pleading standard. The Complaint details the "who, what, when, where, and how" required for each of Patel's failures to disclose. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

  <u>Who should have disclosed information</u>: Patel, because he was an officer and director of NRB who knew information that NRB's Board needed to know. Compl. ¶¶ 8, 13-15.

  <u>What should Patel have disclosed</u>: At this time, the FDIC-R specifically claims Patel should have disclosed: 1) that the borrower on the Pruthvi LLP loan was contractually prohibited from pledging the collateral it used to obtain the loan; 2) that the proceeds from the Mogar Farms V LLC loan were being used to prop up the troubled loan to Jersey Gardens Lodging Associates LLP ("Jersey Gardens"); and 3) that proceeds from the Jersey Gardens loan and from a letter of credit to Ridgefield Park Lodging Associates were used to prop up loans to other affiliates of Sun Development and Management Corporation. Compl. ¶¶ 12-15.

  <u>When should information have been disclosed</u>: Patel had an ongoing obligation to disclose material information to the Board, and he should have disclosed the foregoing matters at or before the time he asked the Board to approve dividends in October 2012 and February 2013. Compl. ¶¶ 18-22, 34.

  <u>Where and how should information have been disclosed</u>: Because Patel had an ongoing duty to disclose, the FDIC-R does not allege a specific location or manner in which his failure occurred, nor it is required to. *See Fullerton v. Corelle Brands, LLC*, No. 18-cv-4152, 2019 WL 4750039, at *9 (N.D. Ill. Sept. 30, 2019) ("The standard to state a fraudulent omission claim under Rule 9(b) is more relaxed than the typical fraud claim."). The facts omitted could and

should have been disclosed at least in the original credit memoranda submitted to the Board (Compl. ¶¶ 13-14), but they also could have been orally disclosed in any Board meeting or any other methods reasonably designed to apprise Board members of material acts.

Patel argues that the FDIC-R did not plead facts such as his involvement in underwriting or approving the identified loans, his knowledge of construction delays or other problems affecting those loans, and why those loans "went bad." Memo. 9-12. Those facts are not needed to state a claim. The FDIC-R does not sue Patel for recommending or approving bad loans, and it does not sue him for the losses those loans ultimately suffered. Instead, the FDIC-R sues Patel for failing to disclose to NRB's Board specific information about those loans that, if disclosed, would have caused the Board to vote against approving the dividends. The issue in this case is what Patel should have told the Board about the loans at the time he was seeking $15 million in dividends, not whether they incepted as "good" or "bad" or why they "went bad."

Patel also claims that it would not have made sense for him to intentionally mislead the Board in order to receive dividends. Memo. 12. But the FDIC-R does not need to plead or prove as an element of any of its claims *why* Patel failed to disclose information to the Board (a subject about which he refuses to testify, claiming the answers might incriminate him), nor is the FDIC-R claiming that Patel misled the Board for the purpose of receiving dividends. Whatever the reason for his failure to disclose, the FDIC-R adequately pled that Patel owed NRB a duty of candor and that he breached that duty by failing to disclose material information, proximately causing damages to the FDIC-R. That is all that is required to state a claim for breach of fiduciary duty. *Spangler*, 836 F. Supp. 2d at 775.

## II. THE FDIC-R PROPERLY PLED A CLAM FOR MONEY HAD AND RECEIVED

Patel argues that the FDIC-R's claim for money had and received fails because NRB was not "compelled" to pay the dividends. Memo. 14. This argument misstates the law.

> The rule is that ***in the absence of fraud, misrepresentation, or mistake of fact*** money voluntarily paid under a claim of right to the payment, ***with full knowledge of the facts*** by the person making the payment, cannot be recovered unless the payment was made under circumstances amounting to compulsion.

*Ill. Graphics Co. v. Nickum*, 159 Ill. 2d 469, 497 (1994) (emphasis added). Patel ignores the emphasized language. A plaintiff must show that it was compelled to make a payment only if it was not defrauded or mistaken about a material fact. *Id.*; *see also McIntosh v. Walgreens Boots All., Inc.*, 2019 IL 123626, ¶ 24 ("In addition to compulsion or duress, other recognized exceptions to the voluntary payment doctrine include fraud or misrepresentation or mistake of a material fact."); *King v. First Capital Fin. Servs. Corp.*, 215 Ill. 2d 1, 29-30 (2005) (discussing exceptions to voluntary payment doctrine in context of money had and received claim).

NRB's Board paid the dividends without full knowledge of the facts (including the matters concealed by Patel and the loan losses that NRB failed to recognize) and while operating under a mistake of fact (the belief that the dividends complied with regulatory capital ratios). Numerous Illinois courts recognize that such claims are appropriate. *See, e.g., Bank of Naperville v. Catalano*, 86 Ill. App. 3d 1005, 1008 (2d Dist. 1980) ("[W]here money is paid under a mistake of fact, and payment would not have been made had the facts been known to the payor, such money may be recovered."); *see also Wolf v. Beaird*, 123 Ill. 585, 590-91 (1888) (same); *W. Frankfort Bank & Tr. Co. v. Barretti*, 206 Ill. App. 261 (4th Dist. 1917) (same).[5]

---

[5] Illinois courts have used different labels to describe the claim for money paid mistakenly, sometimes referring to it alternatively as one for *indebitas assumpsit*, implied contract, quasi-contract, and restitution. Whatever the label, Illinois certainly recognizes the right to recover funds paid by mistake.

Patel's reliance on *Butitta v. First Mortgage Corp.*, 218 Ill. App. 3d 12 (1st Div. 1991), is misplaced. That case involved claims that the defendant had no **legal** right to charge mortgage fees to plaintiffs. It involved a mistake of law, not one of fact; the court specifically noted that plaintiffs did not allege that they were misled as to any material fact. *Id*. at 19 ("[P]laintiffs fail to allege that they would have acted differently had they been aware of the disputed charges prior to closing."). Its holding is in accord with *McIntosh*, in which the Illinois Supreme Court carefully delineated the distinction between mistakes of fact (for which recovery is possible) and mistakes of law (for which it is not, absent compulsion). 2019 IL 123626, ¶¶ 36-39.[6] The FDIC-R adequately pled a claim against Patel for return of money he received as a result of a mistake.

### III. THE FDIC-R PROPERLY PLED A CLAIM FOR UNJUST ENRICHMENT

Patel errs when he claims the FDIC-R's unjust enrichment claim is "predicated on" the failure to disclose underlying the breach of fiduciary duty claim. These two claims do not, as Patel asserts (Memo. 14), rise and fall together. "[I]t is possible to be unjustly enriched without having done anything wrong." *Tummelson v. White*, 2015 IL App. (4th) 150151, ¶ 27. "For instance, a person, innocent of any wrongdoing, could be unjustly enriched if a benefit were conferred on that person by mistake." *Id*.

The FDIC-R's unjust enrichment claim is based not only on Patel's improper conduct (his breaches of his fiduciary duties), but also on his retention of funds that he received as a result of NRB's mistake of fact. A constructive trust is an appropriate remedy for unjust enrichment resulting from a mistake. *Id*. ("A constructive trust rectifies unjust enrichment, not just wrongdoing."). The FDIC-R's unjust enrichment claim survives any dismissal of its fiduciary duty claim.

---

[6] Compulsion was not at issue in *Dvorak v. St. Clair County*, No. 14-cv-1119-SMY-RJD, 2018 WL 1532793 (S.D. Ill. Mar. 29, 2018). In that case, the record failed to show that plaintiffs overpaid one defendant, and the other defendants did not receive or retain any payment. *Id*. at *12.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS – Page 9

Patel argues in a footnote that Illinois does not recognize unjust enrichment as a separate claim. Memo. 18 n.2. That is wrong. The Seventh Circuit summarizes Illinois law on unjust enrichment as follows:

> Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust. What makes the retention of the benefit unjust is *often* due to some improper conduct by the defendant. And *usually* this improper conduct will form the basis of another claim against the defendant in tort, contract, or statute. So, *if* an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim – and, of course, unjust enrichment will stand or fall with the related claim.

*Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (emphasis added). "Often" and "usually" do not mean "always." Because Patel's motion to dismiss rests on the legally and factually erroneous argument that the unjust enrichment claim *must* be tied to an underlying claim for fraud, it should be denied.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. In the alternative, if the Court concludes that some or all of the Complaint is insufficient to state a claim, Plaintiff requests that any dismissal be without prejudice to its ability to amend to plead a sufficient claim. *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015) (plaintiff whose complaint is dismissed should ordinarily be given at least one opportunity to amend).

/s/ J.S. Tonkinson
Christine Hsu
 (703) 516-5046
 chsu@fdic.gov
Stuart Tonkinson
 (703) 562-2490
 jtonkinson@fdic.gov
3501 Fairfax Drive
Arlington VA 22226

Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS – Page 10