IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the NATIONAL REPUBLIC BANK of CHICAGO,<br><br>           Plaintiff,<br>v.<br><br>HIREN PATEL,<br><br>           Defendant. | Case No. 19-cv-6917<br><br>Judge Robert M. Dow, Jr. |

## ORDER

For the reasons stated below, Defendant's objections [98] to Magistrate Judge Valdez's January 14, 2022, order [95] are overruled.

## DISCUSSION

On September 20, 2021, Magistrate Judge Valdez entered an order [78] granting Plaintiff's motion for a protective order quashing subpoenas served by Defendant on certain non-parties through which Defendant sought the production of documents regarding the history of certain loans. Defendant filed timely objections [78] to Judge Valdez's order and Plaintiff filed a response [81] to those objections. Before this Court was able to issue a ruling, Defendant filed a motion [82] seeking leave to supplement his objections with the declaration of a former national bank examiner whom Defendant has retained to prepare an expert report. In view of this new information, this Court issued an order [90] overruling Defendant's prior objections without prejudice and returning the matter to Magistrate Judge Valdez to reassess the parties' arguments in light of the additional declaration.

Judge Valdez took additional briefing on the matter [92, 93] and issued an order [95] reaffirming her prior ruling, which granted Plaintiff's motion for a protective order as to the non-party subpoenas. Defendant has renewed his objections [98], and the matter has again been fully briefed [100, 103].

Magistrate judges have "extremely broad discretion in controlling discovery" when matters are referred to them for discovery supervision. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Federal Rule of Civil Procedure 72(a) permits parties to object to a magistrate judge's resolution of non-dispositive motions—including discovery motions, see 28 U.S.C. § 636(b)(1)(A)—within fourteen days after being served with the order. This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous" only when "the

district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. If "there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Ball v. Kotter*, 2009 WL 3824709, at *3 (N.D. Ill. Nov. 12, 2009) (internal quotation marks and citation omitted).

As Defendant correctly notes, information sought in discovery need not be admissible. Nevertheless, the 2015 Amendments to Rule 26 delete both "the former provision authorizing the court, for good cause, to order discovery of any matter relevant to the subject matter involved in the action" and the "former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence.'" Advisory Committee Note to 2015 Amendments. The 2015 Amendments also include the requirement that discovery be "proportional to the needs of the case," taking into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In applying terms like "relevance" and "proportional to the needs of the case," courts necessarily must exercise discretion and make judgment calls on where to draw lines. In so doing, judges engage in art, not science. The standard of review for discovery orders takes that into account. If reasonable jurists could go either way on the issue in dispute, the Magistrate Judge's ruling will stand.

That is the case here. With the third-party subpoenas at issue, Defendant seeks to obtain historic loan files from "six non-parties who evaluated the loans in 2014 and purchased the loans and related loan files in 2014 and 2015." [98, at 1.] Judge Valdez recognized that "discovery indicating that the loans were in fact not impaired in 2012 and 2013 would certainly be relevant in this matter." [95, at 5.] No one seems to disagree with that proposition. And that timeline makes sense, because the dividend decisions at the heart of this litigation were made in October 2012 and February 2013.

Plaintiff responds with both a factual and a legal contention. As to the facts, Plaintiff says that Defendant already has received in discovery the "complete loan files for the target loans existing at NRB on the date Plaintiff took over NRB." [100, at 2.] It appears that Plaintiff closed NRB in October 2014 and both sold the loans and transferred the records to various buyers between October 2014 and February 2015. If this is accurate—and Defendant does not appear to dispute that he has that production—then what more is to be gained by any obtaining in discovery additional materials that may have been added to the files two or more years after the dividend were paid? Not much, says Plaintiff turning to its legal point: hindsight is irrelevant to breach of fiduciary duty claims and business judgment rule defenses. [*Id*. at 4-5.]

Defendant rightly points out that the issues at stake and the amount in controversy are substantial, as he denies the allegations and seeks to defend his reputation as well as his assets. [103, at 6.] But neither his own nor his proposed expert's contentions about the potential value of the additional information are sufficiently compelling to have persuaded Judge Valdez to reverse course on her order quashing the subpoenas. Nor do those arguments leave this Court with a

2

"definite and firm conviction that a mistake has been made." Defendant observes that he left the bank about three months before the FDIC took over, so he "lacks information about the condition of the loan files and other bank files when the FDIC took over." [*Id*.] He also questions whether the loan files produced by Defendant "are exact duplicates of the historical loan information in the non-parties' possession." [*Id*.] And he cites a case decided well before the 2015 Amendments to Rule 26 holding that "overlap or duplication in discovery was not undue in patent case alleging misleading patent application." [*Id*. at 7 (citing *aaiPharma, Inc. v. Kremers Urb. Dev. Co.*, 361 F. Supp. 2d 770, 778 (N.D. Ill. 2005)).] However, neither Plaintiff nor his proposed expert identify any irregularities based on their review to date of the historical files – for example, departures from the ordinary recordkeeping routine or documents missing that one would expect to find. Absent a basis for suspicions of that nature, the suggestion of discrepancies between the files produced by Defendant and the files that would be turned over by the third-parties in response to the subpoenas is speculative. Furthermore, accepting for the moment Defendant's assertions that the third-party files might contain some documents from late 2014, early 2015, or even later, that could shed light on the whether the loans were impaired when the dividends were issued, the files that Defendant already has would contain a two-year record looking back at the key events. The likelihood of post-dividend documents providing insight into what the relevant actors knew or thought in 2012-13, as opposed to what they understood with the benefit of hindsight, surely diminishes over time. So, Defendant likely already has most, if not all, of what is likely to be relevant, and Judge Valdez did not err in thinking that the additional discovery sought through the third-party subpoenas is not "proportional to the needs of the case."

In sum, the record provides no basis from which this Court can conclude that Magistrate Judge Valdez order [95] is either clearly erroneous or contrary to law. Defendant's objections [98] therefore are overruled.

Dated: May 6, 2022

Robert M. Dow, Jr.
United States District Judge