IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FDIC AS RECEIVER FOR THE NATIONAL REPUBLIC BANK OF CHICAGO, | ) ) ) | Case No. 19-cv-6917 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Honorable Judge Robert M. Dow, Jr. |
| HIREN PATEL, | ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION TO SET
DEADLINE TO SUBSTITUTE PARTIES**

Plaintiff Federal Deposit Insurance Corporation as Receiver for The National Republic Bank of Chicago ("FDIC-R") moves the Court to set a deadline to substitute parties to November 7, 2022.

1. On May 11, 2022, counsel for Defendant filed a statement that Hiren Patel had died on or about May 9, 2022. D.E. 111. Mr. Patel was a Florida citizen who died in India. The statement that counsel filed failed to name an estate representative.

2. On May 20, 2022, in light of the notice of death, Plaintiff requested a stay of proceedings, which was granted on June 3, 2022. D.E. 115. The order granting the stay did not set an expiration date for the stay, but requires a status report by August 31, 2022.

3. According to counsel for Defendant, a will for Mr. Patel has been filed in Miami-Dade County, Florida, and counsel for Defendant anticipates that a probate proceeding will be filed there as well. However, no proceeding has yet been initiated, and no estate representative has been named.

4. Fed. R. Civ. P. 25(a)(1) gives Plaintiff or Mr. Patel's successor or representative 90 days to file a motion for substitution after a proper notice of death.

5. Under Seventh Circuit precedent, the notice of death that Defendant's counsel filed in this case did not commence Rule 25's 90-day deadline. *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008). Instead, the deadline begins only once the notice is served on both the parties and on any "nonparties with a significant financial interest in the case, namely the decedent's successors . . . or personal representative." *Id.* at 873. Because no estate representative has been named, neither Plaintiff nor Defendant's counsel has been able to serve notice of this proceeding on such representative, as required under Fed. R. Civ. P. 25.

6. Although under Seventh Circuit precedent, the 90-day deadline has not yet begun, to avoid any doubt about the deadline, Plaintiff asks, pursuant to Fed. R. Civ. P. 6(b), that the deadline under Rule 25(a) to move for a substitution of an estate representative for Mr. Patel be set to November 7, 2022 to provide sufficient time for a representative to be named and substituted into this action.

Based on the foregoing, Plaintiff requests that the Court enter an order setting the deadline to file any motion to substitute under Rule 25 to November 7, 2022.

Respectfully submitted,

/s/ J.S. Tonkinson
Stuart Tonkinson
(214) 673-7549
jtonkinson@fdic.gov
3501 Fairfax Drive
Arlington, VA 22226

Attorney for Plaintiff
