IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR THE NATIONAL REPUBLIC BANK OF CHICAGO, <br><br> Plaintiff, <br><br> v. <br><br> HEMA PATEL as personal representative for HIREN PATEL, <br><br> Defendant. | Case No. 1:19-cv-6917 <br><br> Judge Elaine E. Bucklo <br><br> Magistrate Judge Maria Valdez |

**PLAINTIFF'S RESPONSE TO MOTION TO AMEND
PROTECTIVE ORDER AND REOPEN FACT DISCOVERY**

Defendant's belated motion to modify this Court's protective order and extend the fact discovery deadline (which ended August 25, 2023) to take at least three additional depositions is unjustified, unsupported, and unnecessary. Defendant's sole justification to overturn the protective order this time is Hiren Patel's death 16 months ago. This Court has repeatedly explained that the requested hindsight evidence – evidence of how bank loans performed after February 2013 – is irrelevant to this proceeding, and that evidence does not provide any insight into how those loans should have been accounted for before that date. Hiren Patel's death does nothing to change that analysis, and Defendant offers no explanation why, after discovery in this proceeding reopened on May 1, 2023, she waited until after business hours on the last day of the discovery period to file her motion. The Court should deny the motion.

I.  PROCEDURAL BACKGROUND

A.  Nature of This Action

Plaintiff Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for The National Republic Bank of Chicago ("NRB") sued Hiren Patel, NRB's former Chairman of the Board and Chief Executive Officer, for unjust enrichment, money paid by mistake, and breach of fiduciary duty, all arising out of NRB's payment of $15.05 million in dividends in October 2012 and February 2013, almost all of which went to Hiren Patel.[1] Broadly, FDIC-R asserts that a) NRB paid the dividends under the mistaken belief that it had sufficient capital to support them when it did not and/or b) Hiren Patel received the dividends after withholding information about NRB's impaired loans from NRB's Board of Directors. Defendant's business judgment rule defense relates only to the latter of these assertions.

B.  The Court's Prior Rulings on Third-Party Depositions

This Court has previously held that Defendant's business judgment rule defense makes relevant what Hiren Patel knew and thought about the impaired loans only **at the time the dividends were paid in 2012 and 2013**. Throughout this litigation, Defendant has improperly tried to expand that defense to cover what happened to the impaired loans **after the dividends were paid**; indeed, Defendant has made multiple unsuccessful attempts to seek discovery on what happened to the loans after NRB failed in October 2014. [D.E. 72, 79, 82, 98]

---

[1] After Hiren Patel died on May 9, 2022, Hema Patel as personal representative of his estate was substituted as defendant.

RESPONSE TO MOTION TO AMEND AND REOPEN – Page 2

Although Defendant tries to repackage its previously decided argument, at bottom, it is the same argument that Defendant has presented unsuccessfully to this Court.

On September 15, 2021, District Judge Dow struck Defendant's affirmative defense of failure to mitigate, rejecting his attempt to expand the discovery beyond what Hiren Patel knew or was on notice of at the time. [D.E. 75] Based largely on that protective order, on September 20, 2021, Magistrate Judge Valdez entered a protective order barring Defendant from pursuing seven subpoenas of third-parties who acquired NRB's impaired loans. [D.E. 78] On November 30, 2021, District Judge Dow agreed that Defendant had not established the relevance of the discovery sought, but permitted Defendant to provide further support for the relevance of post-dividend discovery by supplementing the record with a purported expert's affidavit. [D.E. 90] On January 14, 2022, after considering the new evidence, the Magistrate Judge concluded again that the post-dividend information was not relevant to the lawsuit and reaffirmed the protective order [D.E. 95]. On May 6, 2022, the District Judge overruled Defendant's objections thereto. [D.E. 110] Fact discovery thereafter proceeded under the protective order until its August 25, 2023, conclusion.

## II.  ARGUMENT

Defendant's argument that Hiren Patel's death requires modification of the protective order to obtain discovery from third parties to show what Hiren Patel knew about the impaired loans is wrong for two reasons. First, Defendant has a fully developed record from Hiren Patel himself showing what he knew during the

relevant time. Second, none of the requested evidence could possibly provide insight into what Hiren Patel knew at the time of the dividends.

### A. Hiren Patel's Sworn Testimony Is The Best Evidence of His Knowledge

The best evidence of what Hiren Patel knew about the loans during the relevant period is his own sworn testimony, which Defendant already has. The Office of the Comptroller of the Currency brought an action for a civil money penalties against Hiren Patel arising out of the loans listed in Paragraph 4 of the Motion. On May 11 and May 12, 2021, Hiren Patel testified as to what he knew about those loans during the relevant time period, in part in response to questions from Defendant's current attorney. [Declaration of Stuart Tonkinson, ¶ 1, attached hereto as Exhibit 1] That testimony negates the need for any speculative searches for evidence of Hiren Patel's state of mind that may somehow be in the hands of the third parties covered by the protective order.

### B. The Requested Discovery Remains Irrelevant

Defendant fails to explain how the post-dividend discovery, such as updated loan histories, will provide any relevant information about Hiren Patel's knowledge at the time the dividends were paid. Moreover, the specific discovery that Defendants seeks from each third party is irrelevant to this proceeding.

Navika: Defendant seeks to subpoena Navika Capital, claiming, without any evidentiary source, that Bharat Patel (the borrower for most of the impaired loans) retained Navika Capital in 2012 or 2013 to value some or all of the impaired loans or their hotel assets. Putting aside that there is no evidence those values were

provided to Hiren Patel in 2012, they would not be relevant to this lawsuit in any case. FDIC-R's assertion with respect to the Pruthvi loan is not that the hotel collateral was overvalued, but that Hiren Patel knew that NRB could not rely on the collateral, because Bharat Patel had told him it had already been pledged to J.P. Morgan Chase and that he had agreed not to pledge the collateral to any other lender. [Tonkinson Decl., ¶ 2, Exh. B, pp. 41, lines 11-22 and 46, lines 1-19] Navika's supposed valuations of that collateral are simply not relevant.

Moreover, even if it were true that Bharat Patel obtained valuations of the collateral, it is irrelevant because NRB and Hiren Patel did not use those valuations to evaluate the impaired loans at the relevant time. Instead, they used other valuation sources that were specifically referenced in their loan presentations. [Tonkinson Decl., ¶ 3]

Interbank and Capital Crossing

Defendant seeks leave to subpoena Interbank and Capital Crossing, which acquired NRB impaired loans, for the loan histories for the loans listed in Paragraph 4 of the Motion. Discovery from those sources is overbroad and unnecessary as FDIC-R has produced each of the NRB loan histories for **the relevant time** for those loans.[2] [Tonkinson Decl., ¶ 4-7] The only reason Defendant could possibly want loan histories from entities that acquired the loans **in 2015** is to

---

[2] Plaintiff notes Defendant's list is incomplete. For example, FDIC-R's contention is not just that the Mogar Farms loan was impaired, but that the loan was a sham loan to a straw borrower intended to keep other loans, including the Jersey Gardens loan, appearing as if they were current. Hiren Patel engaged in numerous similar tactics to keep Bharat Patel's many loans with NRB reporting as current.

RESPONSE TO MOTION TO AMEND AND REOPEN – Page 5

find out what happened to the loans thereafter. Defendant has provided no other explanation. But that is precisely the purpose proscribed by the Protective Order.

Neither Hiren Patel's death nor any other event justify revisiting the Court's prior rulings. The protective order should not be modified, and Defendant's motion to engage in additional fact discovery should be denied.

                                 Respectfully submitted,

                                 FEDERAL DEPOSIT INSURANCE
                                 CORPORATION AS RECEIVER FOR THE
                                 NATIONAL REPUBLIC BANK

                                 /s/ J.S. Tonkinson
                                 Stuart Tonkinson
                                 (214) 673-7549
                                 jtonkinson@fdic.gov
                                 3501 Fairfax Drive
                                 Arlington VA 22226

                                 Attorney for Plaintiff